The Honorable Michelle L. Peterson

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| UNITED STATES OF AMERICA, | No.  MJ20-324 |
|---|---|
| Plaintiff, | COMPLAINT for VIOLATION |
| v. | 26 U.S.C. § 5861(d) |
| DEVINARE ANTWAN PARKER, | 26 U.S.C. § 5845(a)(8), (f)(2) |
| Defendant. | |

BEFORE the Honorable Michelle L. Peterson, United States Magistrate Judge, U.S. District Courthouse, Seattle, Washington.

The undersigned complainant being duly sworn states:

## <u>COUNT 1</u>

### *(Unlawful Possession of a Destructive Device)*

On or about May 31, 2020, at Seattle, within the Western District of Washington, DEVINARE ANTWAN PARKER did knowingly receive and possess a firearm, that is, a destructive device or any other weapon, which was not registered to him in the National Firearms Registration and Transfer Record.

All in violation of Title 26, United States Code, Sections 5861(d) and 5845(a)(8), (f)(2).

Parker Complaint - 1
USAO No. 2020R00547

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

The undersigned complainant, Keeli Nelson, Special Agent, being first duly sworn on oath, hereby deposes and says:

## TRAINING AND EXPERIENCE

1.      I am a Special Agent (SA) with the United States Department of Justice (DOJ), Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF), and have been so employed since October 15, 2018. I am an "investigative or law enforcement officer of the United States" within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Title 18, United States Code, Section 2516. I am currently assigned to the Seattle Group V Field Office.

2.      I am a graduate of the Federal Law Enforcement Training Center, Criminal Investigator Training Program, and the ATF National Academy, both in Glynco, Georgia. During this 28-week training, I received instruction relating to the investigation of firearm and explosives violations. Prior to this employment, I obtained a bachelor's degree in Biology with a minor in Chemistry from Carroll College in Helena, Montana, and a master's degree in Forensic Psychology from Walden University in Minneapolis, Minnesota. During my career with ATF, I have had training and experience investigating violent crimes against persons and crimes against the government. I have been involved in investigations involving the unlawful purchase and/or unlawful possession of firearms and explosives. I have also participated in and executed search and seizure warrants with respect to the illegal possession of firearms and explosives.

3.      The facts set forth in this Complaint are based on my own personal knowledge; knowledge obtained from other individuals who participated in this investigation, including other law enforcement officers; my review of documents and records related to this investigation; and information gained through my training and experience. I have not included all facts known to me obtained in this investigation, but only those facts necessary to set forth probable cause in support of the offenses alleged in Count 1 above.

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## PURPOSE OF AFFIDAVIT

4.      This Affidavit is made in support of a Complaint against DEVINARE ANTWAN PARKER for one count of *Unlawful Possession of a Destructive Device*, in violation of Title 26, United States Code, Sections 5861(d) and 5845(a)(8), (f)(2).

## RELEVANT STATUTES

5.      Title 26, United States Code, Section 5861(d) makes it unlawful for any person "to receive or possess a firearm which is not registered to him in the National Firearms Registration and Transfer Record."

6.      As relevant here, Title 26, United States Code, Section 5845 defines "firearm" for the purposes of the Title. Section 5845(a)(8) provides that a "firearm" means "a destructive device." Title 26, United States Code, Section 5845(f)(2) defines a "destructive device," as "any type of weapon by whatever name known which will, or which may be readily converted to, expel a projectile by the action of an explosive or other propellant, the barrel or barrels of which have a bore of more than one-half inch in diameter, except a shotgun or shotgun shell which the Secretary finds is generally recognized as particularly suitable for sporting purposes."

## INVESTIGATION AND PROBABLE CAUSE

7.      During the late evening hours of May 31, 2020, in Seattle, Washington, a large-scale public disturbance had erupted after a day of peaceful protests. This disturbance involved a number of businesses in the downtown core being vandalized and looted, and patrols cars set on fire. Because of the disturbance, the Seattle mayor had declared a state of emergency and set a 5:00 p.m. curfew.

8.      At about 11:30 p.m., Seattle Police Department (SPD) Officer Molly Accomando was driving a patrol car north on Third Avenue in Seattle, Washington, with Sergeant Doug Raguso in the front passenger seat. They were part of a large police presence in downtown Seattle as a result of this disturbance. Sergeant Raguso's window was rolled down.

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1       9.      As the two drove north through the 1400 block of Third Avenue, they

2 passed DEVINARE ANTWAN PARKER, who was walking in the middle of the street

3 along with other people. As they passed, DEVINARE ANTWAN PARKER approached

4 the car and threw a 16 ounce can of Bud Ice beer at Sergeant Raguso. The beer hit

5 Sergeant Raguso in the face.

6       10.     Sergeant Raguso got out of the patrol car, contacted DEVINARE

7 ANTWAN PARKER, and placed him under arrest for the state offense of Assault in the

8 Third Degree (assault of a police officer).

9       11.     During the arrest, DEVINARE ANTWAN PARKER several times yelled at

10 Sergeant Raguso and Officer Accomando that he had brought the firearm to the protests

11 in order to kill police officers, and that he was going to shoot all of them.

12 In a search incident to arrest, Sergeant Raguso located an improvised firearm on

13 DEVINARE ANTWAN PARKER's person, as well as several 12 gauge shotgun shells

14 and a folding knife. The firearm was constructed from two pieces of metal pipe. One

15 piece of pipe was about eight to ten inches long with a handle. A second piece of pipe,

16 wider than the first, had been fitted over it. This piece was capped, and a firing pin had

17 been installed in the cap. A small laser pointer/flashlight had been attached to the side of

18 the firearm. The firearm could be fired by placing a shotgun shell inside the smaller

19 diameter pipe and then slamming the larger capped pipe into it. Two photographs of the

20 firearm are below. The first depicts the firearm as recovered; the second depicts it after it

21 had been disassembled by law enforcement.

22 ///

23 ///

24

25

26

27

28

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1
2
3
4
5
6
7
8
9
10
11
12
13
14



15
16
17
18
19
20
21
22
23
24
25
26
27
28



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

12.     DEVINARE ANTWAN PARKER was placed into the rear of a transport van so that he could be taken to the West Precinct and processed for booking. While en route to the precinct, the van stopped at another location to pick up additional individuals who had been arrested that evening. King County Sheriff's Deputy Nicholas Pritchett, who was assisting the Seattle Police Department that evening, walked to the rear of the van with an arrestee. The rear doors of the van were open, and DEVINARE ANTWAN PARKER was in this area of the van, separated from Deputy Pritchett by a metal gate. DEVINARE ANTWAN PARKER approached the grate and spit through it at Deputy Pritchett, hitting him in the right eye. DEVINARE ANTWAN PARKER then said something about being infected with "COVID."

13.     The weapon was later test-fired by SPD Officer Kevin Jones. He used primer caps or "blank" shotgun shells, and determined that the improvised firearm functioned as a firearm. The firearm was not tested using live rounds as the homemade nature of the weapon and the fact that the firing mechanism was detached from the weapon made it unsafe to do so.

14.     I consulted with Ron Davis, a Firearms Enforcement Officer at ATF's Firearms Technology Criminal Branch, regarding the nature of the device recovered from DEVINARE ANTWAN PARKER on May 31, 2020. I also sent him photographs of the device. He told me that the device appeared consistent with items that ATF had classified as subject to the provisions of the National Firearms Act, meaning that they are required to be registered in the National Firearms Registration and Transfer System.

15.     In particular, he said that the device is consistent with an improvised firearm, and appears to have a "slam fire" type ignition device. A 12-gauge shotgun shell (like those recovered from DEVINARE ANTWAN PARKER) exceeds .50 caliber or one-half inch, so a device of this type and size, designed to be used with a 12-gauge or larger shotgun ammunition, likely meets the definition of a destructive device.

16.     I also consulted with Gregory Stimmel, who is the chief of the Firearms Technology Criminal Branch. Based on the photographs and description I provided him,

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  he also believed that the device recovered from DEVINARE ANTWAN PARKER would

2  be classified as a destructive device.

3       17.   I requested that a check of the National Firearms Registration and Transfer

4  System be conducted to determine whether DEVINARE ANTWAN PARKER had any

5  firearms registered to him. The check came back negative; no firearms regulated under

6  the National Firearms Act were registered to DEVINARE ANTWAN PARKER.

7                                            **CONCLUSION**

8      **18.**   Based on the facts documented above, I respectfully submit that probable

9  cause exists that DEVINARE ANTWAN PARKER committed the offense of *Unlawful*

10 *Possession of a Destructive Device*, in violation of Title 26, United States Code, Sections

11 5861(d) and 5845(a)(8), (f)(2).

13 *Keeli L Nel*

14 Keeli Nelson, Special Agent

15 Bureau of Alcohol, Tobacco, Firearms,

16 and Explosives

17     Based on the Complaint and Affidavit, to which the above-named agent provided

18 a sworn statement attesting to the truth of the contents of such, the Court hereby finds

19 that there is probable cause to believe the defendant, DEVINARE ANTWAN PARKER,

20 committed the offense set forth in the Complaint.

22     DATED this 8th day of June, 2020.

26 The Honorable Michelle L. Peterson

27 United States Magistrate Judge

Parker Complaint - 7
USAO No. 2020R00547

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970